# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

GLENFORD EDWARD ENNIS,

    Petitioner,

vs.

DWIGHT NEVEN, et al.,

    Respondents.

Case No. 2:06-CV-01271-KJD-(PAL)

**ORDER**

    Petitioner has paid the filing fee (#9). The Court has reviewed his Petition for a Writ of Habeas Corpus pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. It requires amendment.

    In the Eighth Judicial District Court of the State of Nevada, Petitioner was charged with felony coercion and attempted murder in Case No. C175291, concerning Petitioner's acts against Michelle Welch on February 18, 2001. Petitioner was also charged with burglary and murder with the use of a deadly weapon in Case No. C175292, concerning Petitioner's acts against the same Michelle Welch on March 30, 2001. The trial court joined the two cases together. Item 4 (#3-1, pp. 7-11).[1] After a trial, the jury found him guilty, and the trial court convicted him, of coercion and attempted murder in C175291 and second-degree murder with the use of a deadly weapon in C175292. The court entered its judgments of conviction on February 11 and 13, 2002,

---

[1] Page numbers in parentheses refer to the Court's electronic image. The Clerk docketed the state-court decisions (#3) as a motion, but this is actually a collection of exhibits, and the Court need make no ruling upon it.

respectively. Items 2, 3 (#3-1, pp. 3, 5). Petitioner appealed, and the Nevada Supreme Court affirmed on June 18, 2003. Item 4 (#3-1, p. 7). Remittitur issued on July 15, 2003. Petition, p. 1. Petitioner then filed a post-conviction petition for a writ of habeas corpus in the state district court. That court denied his petition on July 9, 2004. Item 6 (#3-1, p. 19). Petitioner appealed, and the Nevada Supreme Court affirmed on July 13, 2006. Item 7 (#3-1, p. 24). Remittitur issued on August 8, 2006. Item 8 (#3-2, p. 4). Petitioner mailed the current Petition to this Court on October 6, 2006.

In Ground 1, Petitioner claims that his trial counsel provided ineffective assistance of counsel. He incorporates by reference his post-conviction petition for a writ of habeas corpus that he filed in state court. Petition, pp. 3-3A. This incorporation presents two problems. First, the state-court petition is not in the Court's record, so the Court has no way of knowing what Petitioner's allegations are. Second, the Court will not piece together parts of other pleadings to create a claim for Petitioner. He must raise all of his claims in the petition itself.

Grounds 2 and 3 concern the admission of hearsay and the retroactivity of Supreme Court precedent. The Supreme Court of the United States has held, "Where testimonial [hearsay] evidence is at issue, however, the Sixth Amendment demands what the common law required: unavailability and a prior opportunity for cross-examination." Crawford v. Washington, 541 U.S. 36, 68 (2004). Petitioner's judgment of conviction became final on September 16, 2003, when the time to petition the Supreme Court of the United States for a writ of certiorari expired. See Sup. Ct. R. 13(1). This occurred before the Supreme Court announced its decision in Crawford. In Ground 2, Petitioner claims that the state district court erred in Petitioner's state habeas corpus action by ruling that Crawford did not apply retroactively to his case. Petition, pp. 5-5C; see also Exhibit to Petition, pp. 4-5. In Ground 3, Petitioner claims that the Nevada Supreme Court erred when it affirmed the denial of his state habeas corpus petition by ruling that Crawford did not apply retroactively to his case. Petition, pp. 7-7D; see also Item 7, pp. 4-13 (#3-1, pp. 27-36).

These two grounds suffer from the same problem: The state courts are correct. Crawford does not apply retroactively to a case, like Petitioner's, in which the judgment of

conviction became final before the Supreme Court announced its Crawford decision. Whorton v. Bockting, ___ U.S. ___, 127 S. Ct. 1173 (2007).

Petitioner has also submitted an Ex Parte Motion for Appointment of Counsel (#2). Whenever the Court determines that the interests of justice so require, counsel may be appointed to any financially eligible person who is seeking habeas corpus relief. 18 U.S.C. § 3006A(a)(2)(B). "[T]he district court must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." Weygandt v. Look, 718 F.2d 952 (9th Cir. 1983). There is no constitutional right to counsel in federal habeas proceedings. McCleskey v. Zant, 499 U.S. 467, 495 (1991). The factors to consider are not separate from the underlying claims, but are intrinsically enmeshed with them. Weygandt, 718 F.2d at 954. After reviewing the Petition, the Court concludes that appointment of counsel is not warranted.

IT IS THEREFORE ORDERED that the Clerk of the Court shall file the Petition for a Writ of Habeas Corpus and its Exhibit, which are attached to the Application to Proceed in Forma Pauperis (#1).

IT IS FURTHER ORDERED that the Clerk shall send Petitioner a Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 form with instructions. Petitioner shall have thirty (30) days from the date that this Order is entered in which to file an Amended Petition to correct the noted deficiencies. Failure to comply with this Order will result in the dismissal of this action.

IT IS FURTHER ORDERED that Petitioner's Ex Parte Motion for Appointment of Counsel (#2) is **DENIED**.

IT IS FURTHER ORDERED that the Court need take no action on the State Court Written Decisions (#3).

DATED: March 14, 2007

_____  
KENT J. DAWSON  
United States District Judge